51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
ZEIGLER COAL COMPANY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.
 No. 93-1130.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 10, 1995.
 
 Before BAUER, COFFEY, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Zeigler Coal Company petitions this court for review of a final decision of the Benefits Review Board awarding Fred Whiteside benefits under the Black Lung Benefits Act (the Act), 30 U.S.C. Secs. 901 et seq. The claimant is no longer a party to this case, as Zeigler and the Department of Labor dispute liability only. We grant the petition for review and remand.
 
 BACKGROUND
 
 2
 Fred Whiteside worked in coal mines for 43 years, his last position serving as a mine examiner.[1] He applied for benefits under the Act in 1978. The employer contested liability but the Director awarded benefits. The claim then was heard by an ALJ, who also awarded benefits. The ALJ determined that Whiteside could invoke the interim presumption of total disability due to pneumoconiosis based upon years of employment and two positive x-ray readings. The ALJ also concluded on the issue of the employer's rebuttal evidence that "to the extent that there can be said to be reasonable doubt, it must be resolved in favor of the claimant." Zeigler appealed, and the Board vacated and remanded the case to the ALJ with instructions to re-evaluate the x-ray evidence due to the ALJ's apparent reliance on an unclassified x-ray reading. On remand, the ALJ again awarded benefits and reiterated his conclusion that one positive x-ray constituted substantial evidence. The Board affirmed, determining that the ALJ was within his discretion to invoke the presumption based on the positive x-ray interpretation.
 
 MEDICAL EVIDENCE
 
 3
 The record contains twelve[2] chest x-ray interpretations of three x-rays. Only one B-reader found that one of the x-rays was positive for pneumoconiosis.[3] The ALJ also considered the medical opinions of Dr. Houseworth and Dr. Pearson. Dr. Houseworth diagnosed chronic bronchitis, based upon only the medical history provided by Whiteside. He could not diagnose pneumoconiosis. Dr. Pearson took a full history and conducted an examination, as well as pulmonary function and blood gas tests. Dr. Pearson found Whiteside's physical exam normal and his health "perfectly adequate" to work as a mine examiner. Whiteside's pulmonary function and blood gas studies that were technically acceptable under the regulations produced non-qualifying results.
 
 DISCUSSION
 
 4
 This case is before this court on appeal from a decision of the Board, but we review the decision of the ALJ, not of the Board. Old Ben Coal Co. v. Battram, 7 F.3d 1273, 1275 (7th Cir.1993); Dotson v. Peabody Coal Co., 846 F.2d 1134, 1137 (7th Cir.1988). This court must determine whether the ALJ's decision is rational, supported by substantial evidence and consistent with the governing law. Battram, 7 F.3d at 1275; Old Ben Coal Co. v. Luker, 826 F.2d 688, 691 (7th Cir.1987); see Freeman United Coal Mining Co. v. Benefits Review Board, 919 F.2d 451, 452 (7th Cir.1990) (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). While we may not reweigh the evidence or substitute its own judgment for that of the ALJ, Meredith v. Bowen, 833 F.2d 650, 653 (7th Cir.1987), it must carefully review the record and the ALJ's findings. The "ALJ must consider all relevant medical evidence, cannot substitute his expertise for that of a qualified physician, and absent countervailing clinical evidence or a valid legal basis for doing so, cannot simply disregard the medical conclusions of a qualified physician." Wetherill v. Director, Office of Workers' Compensation Programs, 812 F.2d 376, 382 (7th Cir.1987).
 
 
 5
 Whiteside filed for benefits in 1978, and therefore the interim regulations under 20 C.F.R. Sec. 727.203 govern. Pursuant to Sec. 727.203(a), a miner is entitled to a legal presumption that he is totally disabled due to pneumoconiosis if he establishes that he has worked more than ten years in mines and he suffers from pneumoconiosis. 20 C.F.R. Sec. 727.203(a)(1)-(4). The ALJ determined that Whiteside had invoked the presumption of entitlement. 20 C.F.R. Sec. 727.203(a)(1) (chest x-rays establishing the presence of pneumoconiosis).[4] However, this legal presumption may be rebutted by the employer. 20 C.F.R. Sec. 727.203(b); Battram, 7 F.3d at 1275.[5]
 
 
 6
 Zeigler first argues that the ALJ erred in invoking the interim presumption in this case. Specifically, Zeigler claims that the x-ray evidence upon which the ALJ relied does not support a finding of pneumoconiosis, and in fact Whiteside did not suffer from the disease. Although Whiteside worked more than ten years in the mines, the interim presumption can be invoked only if the x-ray evidence as a whole establishes pneumoconiosis. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1987). Of the x-ray interpretations, only one was positive for pneumoconiosis. The Director agrees that the ALJ failed to sufficiently articulate the basis supporting his conclusions.[6] Without some explanation of the medical evidence, and specifically of his reliance on one positive x-ray, we cannot say that the ALJ's decision is supported by substantial evidence and therefore we remand. Contrary to Zeigler's urging, we opt not to reverse the ALJ's determination here. See Meredith, 833 F.2d at 653 (appellate court may not substitute its own judgment for that of the ALJ). A factual determination must be made by the ALJ after weighing all the conflicting evidence and must be supported by substantial evidence.[7]
 
 
 7
 Zeigler also asserts that the ALJ and the Board erred in concluding that Zeigler was precluded from raising rebuttal evidence under Sec. 727.203(b)(3)-(b)(4) because it had not done so earlier.[8] This litigation has been ongoing for several years, during which time the law regarding rebuttal evidence has changed. See Wetherill, 812 F.2d at 380. Zeigler has consistently asserted that Whiteside did not suffer from pneumoconiosis. Zeigler did so under Sec. 727.203(b)(2). When this court clarified the law regarding rebuttal evidence, Zeigler, appropriately following our decisions, argued rebuttal under Sec. 727.203(b)(3) and (b)(4). Zeigler is not precluded from asserting what it has been arguing all along. Should the ALJ again conclude that the presumption of pneumoconiosis is invoked, the ALJ also must consider Zeigler's rebuttal evidence.[9]
 
 
 8
 The petition for review is GRANTED and the case is REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Mr. Whiteside died in 1989, after which his wife received benefits until her death. See Battram, 7 F.3d at 1275 (coal company and Department of Labor dispute regarding payment of benefits after miner had died)
 
 
 [2]
 Originally, nine interpretations were submitted, and with the ALJ's permission, three additional medical opinions were admitted
 
 
 [3]
 The other positive reading was discounted by the Board and was the basis of its remand order to the ALJ
 
 
 [4]
 A miner can meet the medical evidence requirement if (1) a chest x-ray, biopsy or autopsy establishes the presence of pneumoconiosis; (2) ventilatory studies establish the presence of a respiratory or pulmonary disease; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs into the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasonable medical judgment, establishes the presence of a totally disabling respiratory impairment. 20 C.F.R. Sec. 727.203(a)(1)-(4)
 
 
 [5]
 An employer may rebut the presumption by demonstrating: (1) that the miner is engaged in his usual coal mine or comparable work; (2) that he is capable of performing his usual or comparable duties; (3) that the total disability or death was not wholly or in part caused by coal mine employment; or (4) that the miner does not and did not suffer from pneumoconiosis. 20 C.F.R. Sec. 727.203(b)(1)-(4)
 
 
 [6]
 It seems that the ALJ only considered nine x-rays, but it is not clear which nine were relied upon
 
 
 [7]
 We are puzzled by the ALJ's reliance on the single positive x-ray, suggesting that a later x-ray may show evidence of pneumoconiosis when earlier x-rays do not because pneumoconiosis is allegedly a progressive disease. The single positive x-ray relied upon by the ALJ preceded numerous negative readings. Further, the parties argue that the ALJ employed the true doubt rule in this case. Although it has been discredited, Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251 (1994), we do not believe that the true doubt rule was applied in this case. Given our prior discussion of the ALJ's determinations, more explanation would be required to conclude that the evidence was equally probative. We leave the weighing of the evidence to the ALJ on remand
 
 
 [8]
 Although our discussion on the issue of the presumption is enough to remand this case, we comment briefly on the other issue raised by the parties
 
 
 [9]
 Zeigler makes a closely related argument concerning the burden of proof. Zeigler asserts that the ALJ erred in the degree of proof by which the employer must prove rebuttal. Briefly, the claimant has the burden of proving by a preponderance of the evidence that he is entitled to the presumption. Once the ALJ invoked the presumption, the burden of persuasion and production shifted to the employer. Zeigler must rebut the presumption by a preponderance of the evidence. See Amax Coal Co. v. Beasley, 957 F.2d 324, 327, 328 (7th Cir.1992). We leave this issue to the ALJ to resolve on remand